IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **JUSTIN W. LEE, GEORGE H. LEE**, ) | |
| **OAI LEE, LEE DYNAMICS INTER-** ) | |
| **NATIONAL, and LEE DEFENSE** ) | |
| **SYSTEMS**, ) | |
| Plaintiffs, ) | |
| ) | Civil Action Number |
| **vs.** ) | **5:07-cv-1455-UWC** |
| ) | |
| **ROBERT W. KITTEL, individually and** ) | |
| **in his capacity as Army Suspension and** ) | |
| **Debarment Official,** ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OF OPINION

The present action is before the Court on Plaintiffs' "Motion for Temporary Restraining Order." (Doc. 1.) As previously ordered by the Court, the motion has been denied because Plaintiffs failed to exhaust their administrative remedies, and they failed to establish a substantial likelihood of success on the merits of their claim that the challenged suspension is not supported by adequate evidence. This Opinion explains the basis of the denial of temporary injunctive relief.

## I.  ADMINISTRATIVE HISTORY

Plaintiffs Justin W. Lee, George H. Lee, Oai Lee, Lee Dynamics International, and Lee Defense Systems ("Plaintiffs") initiated the present action by filing a Motion for Temporary Restraining Order ("MTRO") on August 8, 2007, against the

Defendant, Robert M. Kittel, Army Suspension and Debarment Officer.  Plaintiffs sought to enjoin him from implementing an agency decision suspending Plaintiffs from participating in the receipt of federal contracts.  (*See* Doc. 2, Verified Petition at 11, Ex. 1,2,3,4,5,6.)

Plaintiffs' suspension is ostensibly based on the July 9, 2007, Declaration of Larry S. Moreland.  Moreland is a special agent with the procurement fraud unit of the Army's Criminal Investigation Command.  Moreland alleges that, based on his investigation, there is probable cause to believe that the Plaintiffs had bribed, in effect, two Army contracting officials in return for their assistance in awarding Army contracts to the Plaintiffs.  Specifically, Moreland alleges that a "Person B," an Army contracting official, admitted to him that Plaintiff George Lee gave him $50,000 cash for his assistance in contracts awarded to Plaintiffs valued at least $11 million.  He further alleges that "[d]uring her consensual interview on December 20, 2006, ..." Army contracting official Gloria Davis admitted that she had received at least $225,000 from Plaintiff George Lee.  (*See* Doc. 2, Verified Petition at 59, Ex. 6).

Defendant has issued a  Notice of Suspension to each of the Plaintiffs.  In the suspension notice, each Plaintiff was apprised of the rights to submit, within 30 days of receipt of the suspension notice, information and arguments in opposition to the

suspension, "including any additional specific information that raises a genuine dispute over material facts." (*See* Doc. 2, Verified Petition at 11, Ex. 1,2,3, ¶ f.)

The Court held a hearing on the Plaintiffs' MTRO on August 9, 2007, in Huntsville, Alabama. Plaintiffs advanced two arguments.  First, Plaintiffs contend that they are entitled to judicial review without exhaustion of administrative remedies because exhaustion would be futile.  Second, Plaintiffs contend that their MTRO should be granted because the suspension was not premised upon "adequate evidence."

## II.  CONTROLLING LAW

A.  *The Necessity of Exhausting Administrative Remedies*

"Under the rule requiring exhaustion of administrative remedies prior to judicial review, a party may not ask a court to rule on an adverse administrative determination until he has availed himself of all possible remedies within the agency itself." *Von Hoffberg v. Alexander*, 615 F.2d 633, 637 (5th Cir. 1980) (citing *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41 (1938).  However, "[t]he strict application of the exhaustion doctrine is not without its exceptions. For example, exhaustion is not required where ... an administrative appeal would be futile." *Linfors v. United States*, 673 F.2d 332, 334 (11th Cir.1982) (citing *Von Hoffberg*, 615 F.2d at 638).

In the context of military administration though, "a court should not review internal military affairs in the absence of (a) an allegation of the deprivation of a constitutional right, or an allegation that the military has acted in violation of applicable statutes or its own regulations, *and* (b) exhaustion of available intraservice corrective measures." *Mindes v. Seaman*, 453 F.2d 197, 201(5th Cir. 1971) (emphasis in original).  Indeed, the exhaustion doctrine should be strictly applied in military administrative contexts in order to "maintain the balance between military authority and the power of federal courts."  Thus, for the reasons outlined below in Section III. A., Plaintiffs have failed to carry this heavy burden.

B. *Lack of Adequate Evidence*

Under Federal Acquisition Regulation 9.407-1(b)(1) "[s]uspension is a serious action to be imposed on the basis of adequate evidence."  48 C.F.R. § 9.407-1(b)(1) (2007).  Adequate evidence is "information sufficient to support a reasonable belief that a particular act or omission has occurred." 48 C.F.R. § 2.101. (2007). However, "the 'adequate evidence' showing need not be the kind necessary for a successful criminal prosecution or a formal debarment.  The matter may be likened to the probable cause necessary for an arrest, a search warrant, or a preliminary hearing.  This is less than must be shown at the trial, but it must be more than uncorroborated suspicion or accusation." *Kirkpatrick v. White*, 351

F.Supp. 2d 1261 (N.D. Ala. 2004) (quoting *Horne Brothers, Inc. v. Laird*, 463

F.2d 1268, 1271 (D.C. Cir. 1972)).   Therefore, as outlined below in Section III. B.,

the evidence presented in the instant case far exceeds the nominal burden imposed

by law.   Thus, Plaintiffs' contention that their MTRO should be granted because

the suspension was not premised upon "adequate evidence" is without merit.

### III.  ANALYSIS

A.  *The Necessity of Exhausting Administrative Remedies*

In the instant case, Plaintiffs contend that they are exempt from the strict

application of the exhaustion doctrine because "resort to the remaining appeals

would clearly be futile."  (Doc. 3, at 5) (citing *Portela-Gonzales v. Secretary of the

Navy*, 109 F.3d 74 (1st Cir. 1997).  Plaintiffs cite *Curry v. Contract Fabricators,

Inc.*, 891 F.2d 842 (11th Cir. 1990) for the proposition that futility can be

established "when the decision maker on appeal is the same decision maker that

made the decision appealed from."  (Doc. 3, at 5.)  Although Plaintiffs' only

administrative appeal is to Defendant, who was the decision maker for Plaintiffs'

suspension, this Court disagrees with Plaintiffs' reading of *Curry*.

In *Curry*, the Eleventh Circuit affirmed a district court's ruling that the

plaintiff was not required to exhaust his administrative remedies.  The Eleventh

Circuit did so because the defendant refused to allow plaintiff access to those

administrative remedies.  *Curry*, 891 F.2d at 846.  In the instant case, Plaintiffs

have taken no action whatsoever at the administrative level.  As such, no evidence

of any refusal exists and Plaintiffs' reading of *Curry* is overly broad at best.

Therefore, Plaintiffs have failed to exhaust their administrative remedies.

Again, "a court should not review internal military affairs in the absence of (a) an

allegation of the deprivation of a constitutional right, or an allegation that the

military has acted in violation of applicable statutes or its own regulations, *and*

(b)exhaustion of available intraservice corrective measures." *Mindes v. Seaman*,

453 F.2d 197, 201(5th Cir. 1971) (emphasis in original).  Here, Plaintiffs have

failed to show that either of the above mentioned exceptions exist that would waive

the strict application of the exhaustion doctrine.  Thus, the instant case is not ripe

for judicial review.  As such, this Court concludes that it lacks subject matter

jurisdiction over the controversy and Plaintiffs' motion should be DENIED.

B. *Lack of Adequate Evidence*

As noted above, the evidence for Plaintiffs' suspension exceeds the

admittedly nominal burden of proof promulgated by FAR and contemplated by

*Horne Brothers, Inc. v. Laird*, 463 F.2d 1268, 1271 (D.C. Cir. 1972).  Plaintiffs

point to the Defendant's reliance on the July 9, 2007, Declaration of Larry S.

Moreland, which Plaintiffs contend is inadequate, uncorroborated, and undermined

by a fatal error. (Doc. 3, at 10.)  Because this alleged error arose out of arguably

suspicious circumstances, it represents the only wrinkle in an otherwise firmly

pressed administrative history and thus warrants a brief discussion.

The error arose out of Moreland's declaration regarding the substance of a

purported interview with Major Gloria Davis on December 20, 2006.  In this

interview, Major Davis allegedly admitted to him that she had received monies

from the Plaintiffs in violation of federal law. (Doc. 2, at 11, Ex. 6.)   Plaintiffs

contend that Major Davis' accusations are untrue because Major Davis had been

dead for eight days at the time of the interview. (Doc. 3, at 10-11.)  This Court

suspects that, upon administrative review, this argument will be viewed less as an

example of shrewd detective work and more as an example of picayune sleight of

hand.  Indeed, if the error turns out to be a typographical error, it is hardly grounds

to disregard corroborated and compelling evidence.   This Court appreciates

Plaintiffs bringing this error to light but refuses to acknowledge it as outcome

determinative.

Even without Major Davis' testimony, the evidence in the administrative

record is still adequate.  The  Declaration of Larry S. Moreland also includes

corroborated, non-hearsay testimony of "Person B," who admits to having received

monies from Plaintiffs in violation of federal law. (See Doc. 2, at 11, Ex.6.)   This alone would suffice to meet the nominal, "adequate" evidentiary standard.

<b>CONCLUSION</b>

Thus, the instant case is not ripe for judicial review.  As such, this Court concludes that it lacks subject matter jurisdiction over the controversy and Plaintiffs' motion should be DENIED.

By separate order, Plaintiffs' Motion for a Temporary Restraining Order (Doc. 1.) will be DENIED.

Done the 17th day of August, 2007.

_____<br>
U.W. Clemon<br>
United States District Judge